## Commonwealth v. Garretson

*E. Robert Elicker*, 2d, Assistant District Attorney, for Commonwealth.

*James R. Humer*, Public Defender, for defendant.

SHUGHART, P. J., October 2, 1970.—The facts in the above-captioned matter are not in dispute and, therefore, have been stipulated of record. We must determine the guilt or innocence of defendant based on the applicability of the law to the factual situation.

On March 16, 1970, defendant was behind the wheel of a vehicle on a public highway in Middlesex Township of this county while the said vehicle was being towed by means of a chain attached to the vehicle in front. Defendant was arrested for operating a motor vehicle without being licensed. Defendant contends that under the facts as stated he was not operating a motor vehicle and, therefore, is not guilty of the offense charged.

Section 102 of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS § 102, defines an operator as "Every natural person who is in actual physical control of a motor vehicle . . . upon a highway whether or not licensed as an operator . . ." An automobile does not cease to be a motor vehicle even when not selfpropelled or when temporarily incapable of self-propulsion: Commonwealth v. Dyer, 73 D. & C. 199.

Although not cited by counsel, we find that the facts in the case of Commonwealth v. Westhafer, 70 D. & C. 137, are on all fours with the instant case. In that case, a disabled vehicle was being towed from a residence to a junkyard to be junked. The engine block was broken, the door was jammed, and the car was not capable of operating on its own. The towed vehicle was being operated by a person who did not have an operator's license. This fact was known to the owner of the towing vehicle who was charged with the offense

of permitting a violation and the person in the towed vehicle with operating without a license. Judge Robert E. Woodside, then of the Dauphin County court, later of the Superior Court of Pennsylvania, found both defendants guilty. In holding that the towed vehicle was a motor vehicle as defined by the statute, Judge Woodside said, at page 139:

"At the time the car was being towed it was incapable of being propelled under its own power. But a motor vehicle does not cease to be such at the instant its motor becomes incapable of operation. A car without an ignition key, or with no gas in the tank, or with a dead battery, or a blown fuse, or a burned wire, or a broken block does not lose its identity as a motor vehicle. The legislature did not intend to make a motor vehicle chameleonic."

In holding that the person behind the wheel of the towed vehicle was an operator as defined by The Vehicle Code, Judge Woodside said, at page 140:

"The operation of the towed car required someone to steer it and to operate the brakes. One who does this has actual physical control of the vehicle and is an operator.

"The operator of a motor vehicle does a number of things in the exercise of actual physical control of the vehicle. Ordinarily his chief concerns are in applying the power to make it move, in steering and in braking. There are others, of course, such as illuminating the highway, blowing the horn, etc. It is not necessary for a person to perform all these functions in order to be an operator of the motor vehicle. It is not even necessary to be doing all of what we might call the primary functions of an operator—steering, braking and running the motor."

Again, at page 142:

"The legislature must have intended that the person at the wheel of a towed motor vehicle be a licensed

operator for otherwise it would be lawful for a small child or one totally unfamiliar with a motor vehicle to perform this function to the danger of all users of the highway.

"In determining the meaning of statutes the court must consider the mischief to be remedied, the necessity of the law and the consequences of a particular interpretation: Statutory Construction Act, . . . 46 PS §551."

We fully concur with what was said by Judge Woodside in the Westhafer case. Further, we might add that even though the motor in the towed vehicle in this case was not in operation, defendant did control the direction of the vehicle. He could direct the vehicle in the path of the towing vehicle, but he also had the power to steer the vehicle to the right or the left and if he steered it to the left, he could steer it into the path of oncoming traffic. We experience no difficulty in concluding that defendant, while seated in the vehicle being towed, was engaged in the operation of a motor vehicle.

Counsel for defendant has cited to us the case of Commonwealth v. Tyler, 8 Adams 201. In that case, an individual who was seated, but sleeping, behind the steering wheel of a motor vehicle that was parked was held not to be an operator of a motor vehicle. The two situations are not apposite, and we do not consider the Tyler case as controlling.

### ORDER

And now, October 2, 1970, at 1:30 p.m., for the reasons set forth above, we find defendant guilty of operating a motor vehicle without being licensed (second offense) and defendant is directed to appear for sentencing at the call of the district attorney.